UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAWN D'AGUILAR,

                Plaintiff,

-against-

US BANK TRUST NA, LSF9 MASTER
PARTICIPATION TRUST,

                Defendant.

24-CV-4498 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, and the Court's diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff asserts claims related to state court foreclosure proceedings for real property located at 1815 Endenwald Avenue in Bronx County, New York. By order dated June 12, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Dawn D'Aguilar asserts eleven violations of the TILA, including "unfair trade practices," "disclosure violation," "missing statement violation," "right to rescind violations," "d[e]ceptive grouping violations," "no good faith estimate," "failure to disclose calculation of mortgage balance," "inflation of acceleration fees," "failure to give 3 day cooling period," and "failure to give proper notice of default and right to cure and acceleration notice in violation of 12 U.S.C. 2601 et seq, 15 USC Section 1601 et seq." (*Id.* at 2.) The complaint does not include further factual allegations in connection with these claims.

Plaintiff states that her claims are based on events that "occurred prior to the state court's judgment of foreclosure and actions or acts that violate federal banking and fraud statutes and

due process violations of the constitution." (ECF 1 at 3.) Plaintiff describes her claims, in part, as follows:

> In this case, the plaintiff argue[s] that [a] the defendant lacked standing to commence the proceedings against the plaintiff based upon knowingly false assignments of mortgages executed by fraudulent staff members and [b] that the defendants' were never registered to do business in the State of New Jersey[1] at the time of the commencement of the proceedings or prior to the judgment thereof, and [c] that the defendants' lacked the legal capacity to sue because of the security exchange commission reports and the OCC filings of a cease and desist order based upon information and belief.

(*Id.* at 4.)

Plaintiff attempts to clarify that she is not attacking the judgment of foreclosure:

> This is not about the . . . foreclosure case itself or the judgment.. . ., but the status and standing of the defendant's ability to commence the proceedings prior to the action itself.

(*Id*. at 5.)

Plaintiff appears to assert that her constitutional rights have been violated. She states:

> [D]efendants were engaging in unconstitutional actions and such federal agencies that regulate these types of defendants (banks) must have inherent powers and authority to adjudicate this action.

(*Id.* at 9-10.)[2]

In terms of the relief that she seeks, Plaintiff indicates that she "sues for compensatory and punitive damages in the sum of 1.5 Million based upon the illegality of the foreclosure and the

---

[1] Although Plaintiff refers to Defendant's ability to do business in New Jersey, elsewhere in the complaint she refers to New York. She states that U.S. Bank NA "lacked the jurisdiction and was not registered as a business or to conduct its business in the State of New York since the secretary of the state did not receive its filings for such activities to do business." (*Id.* at 5.)

[2] Only one defendant is named in the complaint. Plaintiff does refer in the middle of the complaint to "the JOHN DOE defendant [who] was the attorney of record who ill-advised the plaintiff during the foreclosure proceedings and then disappeared . . . ." (ECF 1 at 9.) She has not listed the attorney as a defendant in the caption of the complaint or the list of defendants in the body of the complaint.

3

subsequent illegal foreclosure proceedings." (*Id.* at 10.) In addition to damages, Plaintiff seeks "to discharge the mortgage from plaintiff's credit report and sanctions along with $ 950,000.00 dollars in damages against the defendant." (*Id.* at 11.)

## DISCUSSION

**A.    TILA**

Congress enacted the TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). Plaintiff invokes the TILA, and asserts eleven causes of action under that statute. However, Plaintiff provides no factual context whatsoever for any claims that she may be attempting to assert under the TILA. Simply reciting provisions of law is not sufficient under Rule 8 of the Federal Rules of Civil Procedure to state a claim for relief.[3] *Twombly*, 550 U.S. at 555 (holding that "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions, are insufficient to state a claim). The Court therefore dismisses Plaintiff's claims under the TILA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] Although the Court does not reach the issue, the Court notes that actions for damages under the TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). For actions under §§ 1639, 1639b, and 1639c, the period is three years. *Id.* The "date of the occurrence of the violation," for closed-ended transactions like mortgages, is the date that the plaintiff enters the loan agreement. *See Ledgerwood v. Ocwen Servicing LLC*, No. 15-CV-1944, 2015 WL 7455505 (E.D.N.Y. Nov. 21, 2015). Plaintiff provides no facts about the date that she entered into the mortgage loan agreement, but it appears from public records of the state court proceeding that foreclosure proceedings were initiated in 2017. *See U.S. Bank Trust, N.A., as trustee v. D'Aguilar*, Index No. 32463/2017 (complaint filed Aug. 7, 2017). Thus, Plaintiff's claims for damages under the TILA may be time-barred.

B.  **Constitutional Claims**

Plaintiff contends that Defendant engaged in "unconstitutional actions" and that "federal agencies that regulate these types of defendants (banks) must have inherent powers and authority to adjudicate this action." (ECF 1 at 9-10.) Because Plaintiff asserts a violation of her rights under the U.S. Constitution, the Court construes this as a claim under 42 U.S.C. § 1983.

A claim for relief under section 1983, however, must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant U.S. Bank Trust, N.A. LSF9 Master Participation Trust is not alleged to be part of any government body and appears to be a private entity, Plaintiff has not stated a claim against Defendant under section 1983 for a violation of her constitutional rights.

C.  **Diversity Jurisdiction**

Plaintiff asserts claims under state law, including a claim that Defendant engaged in fraud *before* commencing the state court foreclosure proceeding.[4] A district court may decline to

---

[4] Claims for harm caused by the state court foreclosure action are barred under the so-called *Rooker-Feldman* doctrine, named for the cases *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). By contrast, *Rooker-Feldman* does not bar claims based on "misconduct that precedes the state court proceeding, if the 'plaintiffs' alleged injuries were merely ratified by the state-court judgments rather than caused by them.'" *Dorce v. City of New York*, 2 F.4th 82, 104 (2d Cir. 2021) (quoting *Sung Cho v. City of New York*, 910 F.3d 639, 646 (2d Cir. 2018)). Insofar as Plaintiff brings claims for alleged fraud preceding the foreclosure proceedings, the *Rooker-Feldman* does not appear to bar her claims, though ordinary principles of preclusion can bar relitigation of matters that were actually litigated and necessarily decided in the state court action. *See Bear, Stearns & Co. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 91 (2d Cir. 2005) ("Collateral estoppel is permissible as to a given issue if (1) the identical issue was raised in a previous proceeding; (2) the issue was actually

exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, in addition to federal question jurisdiction, Plaintiff invokes the Court's diversity jurisdiction, 28 U.S.C. § 1332, as a basis for the Court's subject matter jurisdiction of this action. To establish jurisdiction under Section 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006). As explained below, Plaintiff fails to plead facts showing that the citizenship of the parties is diverse.

First, Plaintiff has not adequately pleaded her own citizenship. "An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 F. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). It is well established that "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp.*

---

litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." (internal quotation marks omitted)).

*v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").

Plaintiff includes the following allegation in the complaint regarding her own citizenship:

> Dawn D'Aguilar was and still is a resident and has conducted business and has residence in New York, County of Queens and she resides is located 1815 Endenwald Avenue, Bronx, New York 10466.

(ECF 1 at 3.)

It is unclear from these allegations where Plaintiff is domiciled. "In general, domicile has two components: (1) physical presence in a state, and (2) the intent to make the state a home." *LoCurto v. LoCurto*, No. 07-CV-8238 (NRB), 2008 WL 4410091, at *3 (S.D.N.Y. Sept. 25, 2008). Plaintiff has not alleged where she physically resides and where she intends to remain. She therefore has not adequately alleged her own citizenship.

Turning to Defendant "US Bank Trust NA, LSF9 Master Participation Trust," as an initial matter, there is some ambiguity about whether the named defendant is (1) U.S. Bank N.A.; (2) the bank as trustee; or (3) the LSF9 Master Participation Trust, that is, the trust itself.

For purposes of diversity jurisdiction, to establish the citizenship of a national bank, a plaintiff must plead facts about what state is listed in its articles of association as its main office. *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016) ("[A] national bank is a citizen only of the state listed in its articles of association as its main office."). Plaintiff has not pleaded any facts about the citizenship of US Bank Trust NA.

The citizenship of a trust depends on the type of trust. *See, e.g., U.S. Bank Nat'l Ass'n v. 2150 Joshua's Path, LLC*, No. 13-CV-1598, 2017 WL 4480869, at *3 (E.D.N.Y. Sept. 30, 2017) (the determinative question here is whether the trust on whose behalf Plaintiff trustee sues is a "traditional trust" that takes the citizenship of the trustee, or an incorporated trust . . ., which

would take the citizenship of its members"). Moreover, certain trusts lack the capacity to sue or be sued, and in that case, "suits must be brought by or against the trustee." *Springer v. U.S. Bank N.A.*, No. 15-CV-1107 (JGK), 2015 WL 9462083, at *2 n.1 (S.D.N.Y. Dec. 23, 2015) (holding that a common law New York trust cannot sue or be sued). Plaintiff has not pleaded facts about the type of trust involved and thus, insofar as she seeks to proceed against the trust, has not adequately pleaded facts about its citizenship for purposes of diversity jurisdiction.

Finally, if Plaintiff sues the bank as trustee, Plaintiff must plead facts about the citizenship of the bank for diversity purposes. *OneWest Bank, N.A.*, 827 F.3d at 219 ("[A] national bank is a citizen only of the state listed in its articles of association as its main office."); *U.S. Bank Tr., N.A. for LSF9 Master Participation Tr. v. Gebman*, No. 16-CV-7033 (CS), 2018 WL 3745672, at *2 (S.D.N.Y. Aug. 7, 2018) (discussing citizenship of U.S. Bank Trust, N.A., as trustee of LSF9 Master Participation Trust, and noting that allegations were inadequate as to the location of its main office "as set forth in its articles of association."). Plaintiff's sole allegation is that Defendant US Bank Trust NA, LSF9 Master Participation Trust has "conducted business within the State of New York with a business located at 13801 Wireless Way, Oklahoma City, 73134." (ECF 1 at 3.)  This allegation is insufficient to establish the citizenship of the bank, the trust, or the bank as trustee, and the Court therefore cannot exercise diversity jurisdiction of the state law claims.

**D.**     **Leave to amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to establish that the Court has diversity jurisdiction of Plaintiff's state law

claims, or to replead her federal claims under the TILA, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims.

If Plaintiff does not file an amended complaint within the time allowed, or seek an extension of time to do so, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the Court declines to exercise supplemental jurisdiction of the state law claims. The Court grants Plaintiff 30 days' leave to amend her complaint to replead her claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   August 6, 2024
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge